YARRUT, Judge.
Plaintiff has appealed from a judgment dismissing his claim for maximum workmen’s compensation benefits due him for a disabling back injury incurred in the course of his employment with Harbert Construction Company. Defendants are his employer and its compensation insurer.
It is not disputed that Plaintiff was injured in the course of his employment on June 26, 1966, when he tripped and was struck in the back by a log he was carrying. He received compensation benefits from the date of his injury until May 16, 1967, the date he was discharged by his treating physician as able to resume his former duties.
Plaintiff contend? he was still disabled when he was discharged, and his compensation benefits were prematurely terminated. However, the Trial Court concluded that he failed to prove his disability by a preponderance of the evidence. Therefore, the only issue now is whether the medical evidence in the record warrants a finding that Plaintiff was, in fact, still disabled after May 16, 1967.
Plaintiff consulted his own physician, Dr. Nelson Cox, a general surgeon, the day following his injury. Dr. Cox initially diagnosed Plaintiff’s condition as "a contusion of the back in the region of the lumbar spine.” Plaintiff was treated 12 times by Dr. Cox between June and September, 1966. Dr. Cox referred him to Dr. Stuart Phillips, another general surgeon, for further treatment.
Between August, 1966 and May, 1967 Dr. Phillips examined and treated Plaintiff five times. In August he diagnosed his condition as a mild strain of the lumbar spine. On Plaintiff’s second visit in September, 1966 he told Dr. Phillips his back pain increased when he planted sugar cane. Dr. Phillips described Plaintiff as a uncooperative patient who failed to return for treatment as he instructed him to do. For example, after a November, 1966 visit, Plaintiff was instructed to return the following week. He did not reappear until December 9, 1966. In December he was told to return to his former job by Dr. Phillips to see what effect this would have on his back. He was supposed to see the Doctor again in January, 1967 but did not reappear until May, 1967. At that time Dr. Phillips found him capable of performing the same type of work he did before he was injured.
Plaintiff was examined by two doctors after Dr. Phillips discharged him, namely Dr. Vernon Kroll, a general surgeon, who saw him on June 21, 1967 and January 23, 1968; and Dr. Homer Kirgis, a neurosurgeon, who examined him on January S, 1968. Based on Plaintiff’s complaints alone, Dr. Kroll concluded he possibly sustained a back injury as a result of the job-connected accident. Dr. Kirgis thought Plaintiff possibly suffered injury to one of *279 the lower lumbar intervertebral discs. Neither Dr. Kroll nor Dr. Kirgis are persuasive, because Plaintiff did not give either doctor a complete history.
When Plaintiff testified, he admitted having sustained an injury in June or July of 1967, shortly after his discharge by Dr. Phillips. He fell from a ladder onto the deck of a barge and hurt his right leg. Although he was hospitalized .after the fall, no medical evidence was introduced to explain the nature of his injury or to negate the possibility that he reinjured his back. The record further fails to disclose whether the incident happened before or after his visit to Dr. Kroll on June 21, 1967. Neither Dr. Kroll nor Dr. Kirgis knew of Plaintiff’s fall from a ladder when they examined him.
Based on the foregoing evidence, the Trial Court concluded Plaintiff failed to prove his disability from the June, 1966 accident remained after the insurer discontinued compensation benefits, and we fully agree with the result reached.
Appellant first contends that the Trial Court erred in failing to consider Plaintiff’s lack of a formal education. We are not impressed by this argument. Not only did Plaintiff fail to give a complete history to two doctors who examined him and who testified on his behalf, but he also made several inconsistent statements about his-employment since his injury of June, 1966. We do not believe all the discrepancies in the record stem from ignorance.
Plaintiff further urges the Trial Judge misapplied evidentiary rules outlined in the Workmen’s Compensation Statute in rejecting the claim, and cites LSA-R.S. 23:1317. That section provides that in hearing workmen’s compensation cases our courts are not bound by technical rules of evidence or procedure, but this does not relieve Plaintiff of the burden of proving his claim by a preponderance of competent evidence. See Joseph v. Aetna Insurance Company, La.App., 183 So.2d 762; Driggers v. Coal Operators Casualty Co., La.App., 73 So.2d 602.
From a resume of the medical evidence we have stated herein, it is obvious that Plaintiff failed to prove any disability whatsoever after he was discharged by his treating physician.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.